**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RICHARD LANGLEY, AKA
Richard M Langley,
*Defendant-Appellant*.

No. 20-50119

D.C. Nos.
3:16-cr-00393-MMA-1
3:16-cr-00393-MMA

OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 30, 2021*
Pasadena, California

Filed November 16, 2021

Before: Sandra S. Ikuta, Mark J. Bennett, and Ryan D.
Nelson, Circuit Judges.

Per Curiam Opinion

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal

The panel affirmed the district court's denial of Richard Langley's renewed motion to amend the conditions of his supervised release to permit him to use medical marijuana as allowed by California state law.

Langley, who submitted a report from a physician opining that marijuana was the best medical solution for his pain issues, argued that he has a fundamental constitutional right under the Fourteenth Amendment's Due Process Clause to use medical marijuana.  The panel held that it is bound by *Raich v. Gonzales*, 500 F.3d 8850 (9th Cir. 2007), which rejected the identical substantive due process claim.  Langley argued that the panel is no longer bound by *Raich*'s conclusion in light of the increasing number of states that no longer criminalize the use of medical marijuana for medical purposes.   The panel wrote that even if state laws decriminalizing marijuana could constitute additional evidence under the test applied in *Raich* for determining whether a right is protected by the Due Process Clause, the panel is bound by the holding in *Raich* until such time as it is overturned by a higher authority.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Doug Keller, The Law Office of Doug Keller, San Diego, California, for Defendant-Appellant.

Zachary J. Howe, Assistant United States Attorney; Daniel E. Zipp, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; Robert S. Brewer, Jr., United States Attorney; United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

PER CURIAM:

This appeal asks us to revisit our prior decision that "federal law does not recognize a fundamental right to use medical marijuana," *Raich v. Gonzales*, 500 F.3d 850, 866 (9th Cir. 2007), in light of the increasing number of states that no longer criminalize the use of marijuana for medical purposes. Because we are bound by our prior precedential opinions until they are overruled by a higher authority, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), we decline to do so.

I

In 2017, Richard Langley pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Langley to time served (56 days) and a ten-year term of supervised release. As required by statute, 18 U.S.C. § 3583(d), the conditions of Langley's

supervised release included that he "not commit [a] federal, state or local crime," "not illegally possess a controlled substance," and "refrain from any unlawful use of a controlled substance."

In 2017, Langley moved the district court to amend the conditions of supervised release to permit him to use medical marijuana as allowed by California state law. *See* Cal. Health & Safety Code § 11362.5. According to Langley, marijuana helps him alleviate pain stemming from a motorcycle accident that resulted in the amputation of his right leg below the knee. The district court denied the motion.

Langley renewed the motion in 2020. This time he supported his motion with a report from a physician opining that marijuana was the best medical solution for Langley's pain issues. The district court again denied the motion, holding that because possession of marijuana is a violation of federal law, and Langley had no constitutional right to use medical marijuana, the court lacked authority to modify the "statutorily required condition that [Langley] not 'commit another *Federal*, State, or local crime during the term of supervision.'"

Langley timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the conditions of supervised release imposed by a district court for an abuse of discretion, *see United States v. Bee*, 162 F.3d 1232, 1234 (9th Cir. 1998), and "review de novo whether a supervised release condition violates the Constitution." *United States v. Ochoa*, 932 F.3d 866, 868–69 (9th Cir. 2019) (citation omitted).

II

Unless Langley has a constitutional right to use medical marijuana, the district court did not err in denying Langley's motion to amend his conditions of supervised release. If a court places a defendant on a term of supervised release, it is required by statute to "order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision," "that the defendant not unlawfully possess a controlled substance," and that "the defendant refrain from any unlawful use of a controlled substance." 18 U.S.C. § 3583(d). Under the federal Controlled Substances Act (CSA), marijuana is an enumerated controlled substance. *See* 21 U.S.C. § 812(b)–(c) ("Marihuana" listed on Schedule I of controlled substances). Therefore, the applicable federal statutes precluded the court from granting Langley's motion. *See* 18 U.S.C. § 3583(d), 21 U.S.C. § 812(b)–(c).

Accordingly, we turn to Langley's argument that the district court erred in denying his motion because he has a fundamental constitutional right under the Fourteenth Amendment's Due Process Clause to use medical marijuana under these circumstances. Langley defines the purported substantive right at issue as "the right to make a life-shaping decision on a physician's advice to use medical marijuana to preserve bodily integrity, avoid intolerable pain, and preserve life, when all other prescribed medications and remedies have failed."

In *Raich*, we rejected the claim that this purported right, which was defined using identical language, is a fundamental right. *See* 500 F.3d at 866. In *Raich*, a plaintiff sought to enjoin the enforcement of the CSA to prevent her from using

marijuana to treat her inoperable, life-threatening brain tumor. *Id.* at 855–57. The plaintiff argued, among other things, that she had a substantive due process right to use medical marijuana in that context.

*Raich* rejected her argument. Applying the two-part test set out in *Washington v. Glucksberg*, 521 U.S. 702, 719–20 (1997), for determining whether a right is protected by the Due Process Clause, *Raich* first defined the asserted fundamental right at issue as the "right to make a life-shaping decision on a physician's advice to use medical marijuana to preserve bodily integrity, avoid intolerable pain, and preserve life, when all other prescribed medications and remedies have failed." 500 F.3d at 864. *Raich* then determined that this right is not, objectively, "deeply rooted in this Nation's history and tradition," and "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if [it] were sacrificed," *id.* (quoting *Glucksberg*, 521 U.S. at 720–21). Therefore, *Raich* held that "federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering." *Id.* at 866.

*Raich* is controlling here. The substantive due process right claimed by Langley is identical to the right claimed by the plaintiffs in *Raich*, and Langley does not argue otherwise. Therefore we are bound by *Raich*'s conclusion that medical marijuana use is not "deeply rooted in this Nation's history and tradition" or "implicit in the concept of ordered liberty," 500 F.3d at 864, and so federal law does not recognize a substantive due process right to use medical marijuana, even where doing so provides important medical benefits.

Langley argues that we are no longer bound by *Raich*'s conclusion. He points out that *Raich* acknowledged that widespread legal recognition of a practice can sometimes provide additional evidence that a right is fundamental, *id.* at 865–66 (discussing *Lawrence v. Texas*, 439 U.S. 558, 571–72 (2003)), and that 36 states and the District of Columbia no longer criminalize the use of marijuana for medical purposes. But this argument misunderstands our rule that "a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so," *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (cleaned up), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013). *Raich*'s conclusion that medical marijuana use is not "deeply rooted in this Nation's history and tradition" or "implicit in the concept of ordered liberty," 500 F.3d at 864, is binding on us until it is overturned by a higher authority. Even if state laws decriminalizing marijuana use could constitute additional evidence under the *Glucksberg* test, we are bound by our holding in *Raich* until such time as a higher authority determines that there is a fundamental right to medical marijuana use that we are "blind to" today, *id.* at 866. *See Wilson v. Lynch*, 835 F.3d 1083, 1098 n.9 (9th Cir. 2016) (holding that a substantive due process claim based on a fundamental right to use medical marijuana is "foreclosed by our decision in *Raich*").

**AFFIRMED.**