NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 21-50041 |
|---|---|
| Plaintiff-Appellee, | D.C. Nos.   5:20-cr-00138-PA-1 |
| v. | 5:20-cr-00138-PA |
| JORGE GARCIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and submitted March 2, 2022
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,** District
Judge.

Jorge Garcia appeals the district court's imposition of an Electronic Search

Condition as a condition of supervised release.[1]  We have jurisdiction pursuant to 28

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable Sharon L. Gleason, Chief United States District Judge for
the District of Alaska, sitting by designation.

[1] The Electronic Search Condition reads as follows:

U.S.C. § 1291, and we affirm.

Garcia contends that the district court erred in imposing the Electronic Search Condition because the court failed to adequately explain the bases for imposing the condition and because there was no nexus between Garcia's use—or non-use—of electronics and the statutory goals of sentencing. We review for abuse of discretion. *United States v. Langley*, 17 F.4th 1273, 1274 (9th Cir. 2021) (per curiam).

A district court has broad discretion to impose special conditions of supervised release so long as the conditions are reasonably related to deterrence, protection of the public, and/or rehabilitation of the defendant. 18 U.S.C. § 3583(d)(1), (2). A "district court 'need not state at sentencing the reasons for imposing each condition of supervised release, *if it is apparent from the record*.'" *United States v. Rudd*, 662 F.3d 1257, 1260–61 (9th Cir. 2011) (quoting *United*

---

The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. . . . Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

Garcia does not challenge the provision as it relates to his person, property, house, residence, vehicle, or "other areas" under his control.

*States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010). "Once a district court meets the nexus requirement . . . , a general search provision of a defendant's computers or other electronic devices does not amount to an abuse of discretion." *United States v. Bare*, 806 F.3d 1011, 1018 (9th Cir. 2015).

Here, the district court did not make explicit factual findings identifying a nexus between the Electronic Search Condition and one of the statutory goals of sentencing. However, the nexus is apparent from the record, where the district court adopted the government's explanation for why the condition was appropriate. Moreover, when reviewing the § 3553(a) factors, the district court noted Garcia's repeated convictions involving drugs, identity theft, and possessing stolen property, and the district court noted that it believed Garcia was likely to reoffend in the future. The district court specifically referenced two of the sentencing goals when it noted that the sentence needed to protect the public and deter Garcia from future criminal activity. The record of the sentencing thus demonstrates a sufficient nexus.[2]

---

[2] At oral argument, Garcia asserted that the Electronic Search Condition could be used as a pretext to allow probation officers to search his electronic devices regardless of the de minimus nature of the alleged violation of supervised release. At sentencing, Garcia did not assert that the Electronic Search Condition should be rejected on this basis, nor did he propose a narrower condition, such as one that would apply only upon reasonable suspicion of criminal activity. Although we express no view on this issue, we note that the disposition by this court would not preclude Garcia from seeking additional modification by the district court, including closer in time to his release. *See* 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c).

Garcia next asserts that the Electronic Search Condition is not related to the statutory sentencing goals because he did not use any electronic devices to commit his crimes. Although a special condition must be reasonably related to a statutory sentencing goal, it does not have to be related to the crime of conviction. *Blinkinsop*, 606 F.3d at 1119. A district court is "not restricted to imposing conditions that would prevent 'further crimes of the defendant' that [are] identical to his offense"; instead, the search condition must only be reasonably related to preventing and deterring further crimes. *Bare*, 806 F.3d at 1019 n.6.

Here, the Electronic Search Condition has an adequate nexus to the sentencing goals of deterrence, rehabilitation of the defendant, and/or protection of the public. Although the condition does not relate directly to Garcia's drug and firearm conviction in this case, it is reasonably related to his prior felony convictions for identity theft, receiving stolen property, and obtaining credit by using another person's identity, and to his being found in this case in possession of substantial amounts of other persons' mail, checks, Social Security cards, drivers' licenses, and debit and credit cards.

**AFFIRMED.**