NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANN MARIE BORGES, DBA Goose Head
Valley Farms; CHRIS GURR, DBA Goose
Head Valley Farms,

Plaintiffs-Appellants,

v.

COUNTY OF MENDOCINO; et al.,

Defendants-Appellees.

No.    22-15673

D.C. No. 3:20-cv-04537-SI

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 16, 2023
San Francisco, California

Before:  WARDLAW, NGUYEN, and KOH, Circuit Judges.

Ann Marie Borges and Chris Gurr (collectively "Plaintiffs") appeal a district

court order dismissing their due process claim that the County of Mendocino (the

"County") arbitrarily and capriciously denied their application for a cannabis

cultivation permit.  Plaintiffs additionally appeal the district court's order granting

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

summary judgment to the County on their equal protection class-of-one claims that the County unfairly singled them out in denying that cannabis cultivation permit and then rezoning their neighborhood as a "cannabis prohibition district." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      As no federally protected property interest exists in cultivating marijuana, the district court properly dismissed Plaintiffs' substantive due process claims. The Controlled Substances Act ("CSA") states that "no property right shall exist" in marijuana as a Schedule I drug with "no currently accepted medical use in treatment in the United States." *See* 21 U.S.C. §§ 881(a)(1), 812(b)(1)(B). And, while Plaintiffs attempt to "prove the marijuana in question is part of intrastate commerce," we cannot revisit *Gonzales v. Raich*, 545 U.S. 1 (2005), which upheld the CSA as a valid exercise of Congress's Commerce Clause authority. In *Raich*, the Supreme Court pointed to *Wickard v. Filburn*, 317 U.S. 111 (1942), and held that even medical marijuana homegrown for personal use affected interstate commerce because even a small amount of cannabis could have a "significant impact on both the supply and demand sides of the market for marijuana." *Raich*, 545 U.S. at 30.

Plaintiffs argue that we should reconsider *Raich*'s holding because more states have legalized marijuana in some form. But the widespread availability of marijuana strengthens *Raich*'s analogy of the national, albeit illegal, marijuana

2

market to the wheat market in *Wickard*, because a greater supply of marijuana now exists in that national market as a result of state legalization. Regardless, as it is the Supreme Court's "prerogative alone to overrule one of its precedents," it is not for us to overturn *Raich* or rewrite the CSA to recognize a federally protected property right in marijuana cultivation. *United States v. McCalla*, 545 F.3d 750, 753 (9th Cir. 2008) (quoting *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)); *see also United States v. Langley*, 17 F.4th 1273, 1275 (9th Cir. 2021) (per curiam) (finding that the Ninth Circuit remains bound by its prior determination that "federal law does not recognize a substantive due process right to use medical marijuana" notwithstanding subsequent widespread state legalization of medical marijuana), *cert. denied*, 142 S. Ct. 1398 (2022).

2. The district court did not err in granting summary judgment to the County on Plaintiffs' claims that the denial of their cannabis cultivation permit violated equal protection. To prevail on their class-of-one claims, Plaintiffs must show that they have been "[1] intentionally [2] treated differently from others similarly situated and that [3] there is no rational basis for the difference in treatment." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022) (alterations in original) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

In 2017, the County enacted the Medical Cannabis Cultivation Ordinance

3

("MCCO") No. 4381, setting out a phased permitting process intended to allow legacy growers to enter the newly legal state market first. Plaintiffs applied for a Phase One permit for existing growers. In order to obtain a Phase One permit, the County required Plaintiffs to provide "proof of cultivation at a cultivation site prior to January 1, 2016." MCCO § 10A.17.080(A)(1). The MCCO provides a carveout for legacy growers who had been cultivating cannabis on a different site, but have since relocated, and requires those applicants to provide "[p]hotographs of any cultivation activities that *currently* exist on the legal parcel" that is the origin site. *Id.* § 10A.17.080(B)(1)(b) (emphasis added).

Plaintiffs did not provide evidence that they were *currently* cultivating cannabis on any site on January 1, 2016, instead providing evidence of a coastal location where they had cultivated cannabis in 2009 and a location in Willits, California, where they had cultivated cannabis in the 1980s. It is undisputed that Plaintiffs were not cultivating cannabis on any site on January 1, 2016. The MCCO requires Phase One permits to be issued to applicants who were *currently* cultivating cannabis on January 1, 2016.[1]

---

[1] While we hold that the Phase One current cultivation requirement is clear from the face of the MCCO, our understanding is bolstered by the "Frequently Asked Questions" that were posted on the County's website during the period that Plaintiffs applied for the permit, which provide:

When establishing "proof of prior cultivation" the cultivation activities before and after 1/1/16 must be the same legal parcel (See MCC[O] §10A.17.080(B)(1)(a) & (b)). This legal parcel will become the origin site

4

Thus, in order to establish an equal protection violation, Plaintiffs must present evidence that other "similarly situated" Phase One applicants who did not meet the MCCO relocation requirements received Phase One permits. And Plaintiffs failed to identify any comparators who are "similarly situated" to them "in all material respects." *SmileDirectClub*, 31 F.4th at 1123. Five out of six comparator Phase One applicants presented by the Plaintiffs were currently cultivating marijuana at an origin site on January 1, 2016, and the County had "no documentation" that the sixth comparator applicant had ever actually applied for a relocation permit. Plaintiffs have not identified an applicant who was granted a Phase One permit and were not cultivating at an origin site *on* January 1, 2016. Thus, Plaintiffs fail to establish a triable issue of fact on their equal protection claims for the denial of a Phase One permit.

3. The district court likewise did not err in granting summary judgment on Plaintiffs' claims that the rezoning of their neighborhood as a "cannabis prohibition district" violated equal protection. As with their permitting claims, Plaintiffs fail to present evidence of "similarly situated" cannabis cultivators who

---

for purposes of relocation. Only after establishing prior cultivation on the origin site can a cultivator proceed with the relocation process for a permit on a destination site under MCC[O] §10A.17.080(B)(3).

The FAQs make plain that the origin site must be cultivated "before and after 1/1/16," and Plaintiffs did not present evidence of a qualifying origin site for purposes of the relocation requirements.

were treated differently in the opt-out zoning process. Indeed, the County's rezoning ordinance did not explicitly target the Plaintiffs alone, as another neighborhood, Deerwood, was also deemed a cannabis prohibition district. Mendocino County, Cal., Ordinance § 20.119.070(A).

Moreover, Plaintiffs fail to establish a triable issue of fact on the question of whether the rezoning of their neighborhood had a rational basis. "Federal judicial interference with a local government zoning decision is proper only where the government body could have no legitimate reason for its decision." *Dodd v. Hood River County*, 59 F.3d 852, 864 (9th Cir. 1995). Here, the County adopted the cannabis prohibition districts after a year-long community listening process, which included County-funded studies, community surveys, and county-wide meetings. The record shows that there was strong community support for designating the Plaintiffs' district, as well as the Deerwood neighborhood, as an opt-out zone. As we must exercise caution not to "transform[] run-of-the-mill zoning cases into cases of constitutional right," *Olech*, 528 U.S. at 566 (Breyer, J., concurring), the district court properly granted summary judgment to the County on the Plaintiffs' class-of-one equal protection claims concerning the rezoning of their neighborhood.

**AFFIRMED.**