NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RAYMOND LLEWELLEN THOMAS, AKA Paul Kimock, AKA Llew Lazarus, AKA Thomas Llew, AKA Thomas R Llwelleyn, AKA Llen R Thomas, AKA Llew Thomas, AKA Llew R Thomas, AKA Llewelleyn R Thomas, AKA Raymond L Thomas, <br><br> Defendant-Appellant. | No.   22-50208 <br><br> D.C. No. 2:22-cr-00013-PA-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted November 15, 2023
Pasadena, California

Before:  RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Raymond Thomas appeals his conviction and sentence for failing to give

_____

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

notice of foreign travel in violation of 18 U.S.C. § 2250(b).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm the conviction and vacate the sentence in part.

1.     Thomas contends that the district court abused its discretion in admitting under Federal Rule of Evidence 404(b) evidence of his prior convictions for knowingly failing to register as a sex offender.  But any error in admitting this evidence was harmless because "it is more probable than not that [any] error did not materially affect the verdict."  *United States v. Bailey*, 696 F.3d 794, 803 (9th Cir. 2012) (citation omitted).  Thomas' knowledge of the foreign travel notice requirement was evidenced by his signature and initials on the 2020 and 2021 registration forms, which listed the requirement.  *See United States v. Elk Shoulder*, 738 F.3d 948, 952 (9th Cir. 2013) (determining that there was notice under similar circumstances); *see also* Supplemental Guidelines for Sex Offender Registration and Notification, 76 Fed. Reg. 1630-01, 1638 (Jan. 11, 2011) ("The acknowledgment forms signed by sex offenders regarding their registration obligations are likely to be the most consistently available and definitive proof of such knowledge.").

2.     Next, Thomas contends that the district court erred by failing to address his mitigation arguments and failing to adequately provide reasons for imposing a sentence at the high end of the Guidelines range.  Reviewing for plain

2

error, *see United States v. Torres-Giles*, 80 F.4th 934, 938 (9th Cir. 2023), we conclude that there was none. The record reflects that the district court listened to Thomas' arguments and considered the supporting evidence, but determined that a within-Guidelines sentence of 27 months was warranted in light of Thomas' repeated sexual offenses and evasive conduct. *See United States v. Shouse*, 755 F.3d 1104, 1109 (9th Cir. 2014) (providing the legal standard for sufficiency of a district court's explanation).

**3.** Finally, Thomas challenges the procedural adequacy of the district court's explanation for imposing Special Conditions 13 (adult pornography ban), 14 (residency restriction), and 16 (computer search condition), as well as the substantive reasonableness of those conditions. Because Thomas did not object to the imposition of Condition 14 or the procedural sufficiency of Conditions 13 and 16 before the district court, we review those matters for plain error.[1] *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). We review for abuse of discretion the substantive reasonableness of Conditions 13 and 16. *See United States v. Langley*, 17 F.4th 1273, 1274 (9th Cir. 2021).

---

[1] The district court's oral notice that it was contemplating imposing special conditions was reasonable. *See United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004). The district court offered the parties the option to object during sentencing or to hold the imposition of the conditions in abeyance for the filing of written objections. *See id.*

The district court's explanation for imposing Conditions 13 and 16 was not procedurally unreasonable under plain error review. The district court "need not state at sentencing the reasons for imposing each condition of supervised release, if it is apparent from the record." *United States v. Rudd*, 662 F.3d 1257, 1260–61 (9th Cir. 2011) (citations and emphasis omitted). The record supports the district court's statement that the conditions were "reasonably related to the goals of deterrence, protection of the public, [and Thomas'] rehabilitation."

Conditions 13 and 16 are also substantively reasonable. Thomas argues that Condition 13 is more restrictive than necessary because his predicate sex offenses occurred more than 30 years ago and were not reasonably related to adult pornography. But the record reflects that Thomas may have continued to struggle with a "sexual deviance problem." *United States v. Ochoa*, 932 F.3d 866, 871 (9th Cir. 2019) (citation omitted). Additionally, Condition 13 is "readily susceptible" to the limiting instruction applied in *United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015). Thus, we construe the condition to apply "to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Thomas'] probation officer." *Id.*

4

Nor does Condition 16 pose a greater deprivation of liberty than is reasonably necessary. Generally, a district court does not abuse its discretion in imposing a suspicionless computer search condition if there is "some nexus between computer use and one of the goals articulated in" 18 U.S.C. § 3553(a). *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015). Thomas' personal history, characteristics, and offense conduct establish a nexus between Condition 16 and the goals of deterrence and protecting the public.

We do, however, conclude that the district court plainly erred in imposing Condition 14. The district court did not provide any explanation for the particular distance of 2,000 feet, as required by *Rudd*. *See* 662 F.3d at 1263. And the restriction substantially burdens Thomas' liberty to live in urban areas. *See United States v. Collins*, 684 F.3d 873, 890 (9th Cir. 2012). Thus, we vacate Condition 14 as procedurally unreasonable and remand to the district court to "provide the appropriate analysis and support" for the imposed condition.[2] *Id.* at 892.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED IN PART.**

---

[2] Because we vacate Condition 14 as procedurally unreasonable, we need not determine whether the condition is substantively unreasonable. *See Rudd*, 662 F.3d at 1264.