NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS H. LUTGE, P.E., | No. 23-15057 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00585-TLT |
| v. | |
| TYRA HARRINGTON, J.D. and M.B.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted February 9, 2024**
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Plaintiff Thomas H. Lutge appeals the district court's dismissal of his

constitutional claims brought against Tyra Harrington, Michael Carey, Mark

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Franceschi, and Scott Hunsperger of Sonoma County, California (County),[1] and denial of his requests for preliminary relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. ***Substantive Due Process Claim.*** "[S]ubstantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (citation omitted). We apply the test in *Washington v. Glucksberg* to determine whether a right is protected by the Due Process Clause, which includes a determination that the right asserted is "deeply rooted in this Nation's history and tradition." 521 U.S. 702, 720–21 (1997) (citation omitted); *see United States v. Langley*, 17 F.4th 1273, 1275 (9th Cir. 2021).

Lutge does not meet the heavy burden of establishing a substantive due process claim. *See Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021). He does not have a fundamental right or liberty interest at

[1]Harrington, Carey, Franceschi, and Hunsperger are all County employees. Lutge vacillates between allegations against the County and the individual Defendants throughout his brief, but only lists the individual Defendants in his Notice of Appeal filed with the district court. *See Lutge v. Harrington*, No. 22-CV- No. 22-CV-00585-TLT (N.D. Cal. Dec. 20, 2022) (ECF No. 52). Consequently, we lack jurisdiction over the County. *See Le v. Astrue*, 558 F.3d 1019, 1021–22 (9th Cir. 2009); *see also Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir. 1988). However, for ease of reference, and because Lutge's claims against the individual Defendants rise and fall together, we refer to Appellees as "County."

stake in erecting a Crime Memorial on his property. *See id.* ("The right to use property as one wishes is . . . not a fundamental right."). Additionally, he cannot "show that [the County's] actions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Id.* (citation omitted); *see also Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008) ("[S]tate action which 'neither utilizes a suspect classification nor draws distinctions among individuals that implicate fundamental rights' will violate substantive due process only if the action is 'not rationally related to a legitimate governmental purpose.'" (quoting *Richardson v. City & County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997))). The County repeatedly explained that Lutge must obtain a "use permit" before proceeding with his building permits, and the County's use-permit requirements are related to building safety, public nuisance, and aesthetic values. Thus, the County had legitimate reasons for blocking his permit applications that satisfy the applicable rational basis test. *See City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 198 (2003) (rejecting substantive due process claim because city engineer's refusal to issue building permits "in no sense constituted egregious or arbitrary government conduct").

2. ***First Amendment Claims.*** Lutge failed to replead his First Amendment claims in his operative complaint, and they are waived. *See Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1223 (9th Cir. 2018) (holding that substantive claims raised

3

on appeal and presented in the initial complaint but omitted from plaintiffs' operative amended complaint were waived).

Alternatively, these claims fail on their merits. Lutge cannot show that his failure to obtain building permits was a violation of his right to petition the government and seek redress, nor does he explain how his building-permit applications implicate his associational or speech interests. *See WMX Techs., Inc. v. Miller*, 197 F.3d 367, 373 (9th Cir. 1999) (concluding the application for a use-permit did not implicate the applicant's associational or speech interests). And Lutge's free speech claim fails because the County ordinances at issue are content neutral, *cf. City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 71 (2022) (A law is content based if it "single[s] out any topic or subject matter for differential treatment," (alteration in original), and "further[] an important or substantial governmental interest unrelated to the suppression of free speech" and do not "burden substantially more speech than is necessary to further those interests," *In re Nat'l Sec. Letter*, 33 F.4th 1058, 1070 (9th Cir. 2022) (citation omitted)). The County's zoning and use-permit requirements are related to building safety, public nuisance, and aesthetic values and allow the County to exercise reasonable discretion on behalf of the public welfare and safety. *See City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 760–61 (1988) ("[L]aws of general application that are not aimed at conduct commonly associated with

4

expression and do not permit licensing determinations to be made on the basis of ongoing expression or the words about to be spoken, carry with them little danger of censorship. . . . [A] law requiring building permits is rarely effective as a means of censorship.").

3. **_Preliminary Relief._** "[T]he legal standards applicable to [temporary restraining orders (TRO)] and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (per curiam) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). A plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citation omitted). Lutge offers no viable theory linking the denial of his permit applications to constitutional violations, nor does he show a likelihood of suffering irreparable harm. *Younger* abstention also counsels against granting the requested relief because the County's enforcement action remains ongoing in state court. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001).

4. **_Lutge's Motions._** Lutge moved to add two documents to the record on appeal: (1) a June 15, 2023, email from the County counsel, and (2) a website

5

printout of the County's building-permit application for the property at issue. Federal Rule of Appellate Procedure 10(e)(2) allows the court to supplement the record on appeal "[i]f anything material to either party is omitted from or misstated in the record by error or accident." The documents that Lutge identifies add nothing new to the record. Despite his assertion that the County counsel's email "confirm[s] that no use permit" is required, the documents simply underscore that Lutge failed to abate the unlawful substandard structures on his property. We deny this motion. *See United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009) (recognizing that "except in extraordinary circumstances" the court "will not allow parties to supplement the record on appeal").

Lutge also requests that the panel take judicial notice of pleadings filed in the parallel state litigation. A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted). The parallel state case is relevant to this appeal and informs our analysis. Despite opposing judicial notice, the County itself acknowledges that "the pending state court action would reinforce the County's ongoing need to enforce its abatement notices and support the district court's dismissal of injunctive relief claims based on the *Younger* abstention doctrine due to the County's continuing enforcement action." Accordingly, we take judicial notice of the *existence* of the state court pleadings as

publicly filed court records, but not the truth of the statements and assertions made within those pleadings. *See id.*

We deny Lutge's request for judicial notice as to any pleadings, exhibits, and other documents that are already included in the record on appeal. *See Park v. Aurora Loan Servs.*, 485 F. App'x 901, 902 (9th Cir. 2012) (denying judicial notice as "unnecessary because the documents are already part of the district court record").

**5.** ***County's Motion.*** The County moved "to strike all improper references to documents and allegations not supported by the record on appeal, as well as any and all unsupported, immaterial and inflammatory personal accusations against County employees," including Lutge's contention that the County's safe-harbor letter shows the County had "a pretextual intention." The County also moved to strike documents from Lutge's motion for post-appeal evidence and reply brief. We deny the County's motion as relates to extra-record materials as moot and unnecessary. We further deny as moot the County's motion as relates to new contentions made by Lutge in reply because we decline to consider these contentions. *United States v. Wright*, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000). As we do not rest our decision on any new facts raised in Lutge's reply brief, we need not address the County's remaining arguments raised in its motion to strike incendiary allegations raised in reply. *See Smith v. S.F. Unified Sch. Dist.*, 189 F. App'x 663, 664 (9th Cir. 2006).

**AFFIRMED.**