**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LARRY OCHOA,
*Defendant-Appellant.*

No. 18-10383

D.C. No.
1:08-cr-00262-LJO-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Submitted May 17, 2019[*]
San Francisco, California

Filed July 29, 2019

Before: Sandra S. Ikuta and Morgan Christen, Circuit
Judges, and Brian M. Morris,[**] District Judge.

Opinion by Judge Morris

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

## SUMMARY***

### Criminal Law

The panel reversed in part and affirmed in part the district court's judgment in a case in which the district court revoked the defendant's supervised release on the ground that he violated a special condition that, among other things, prohibited him from frequenting a place whose primary purpose is to provide access to material depicting and/or describing sexually explicit conduct.

Referencing the dictionary definitions of "frequent," the panel reversed the district court's finding that the defendant violated the condition by visiting an adult-themed business only once.

The panel rejected the defendant's contentions that the special condition is unconstitutionally vague, is overbroad, and deprived him of more liberty than reasonably necessary. The panel wrote that the condition is not meaningfully distinguishable from a condition this court approved in *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), and properly abridges the defendant's right to free speech in order to effectively address his sexual deviance problem.

The panel remanded for further proceedings.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Gary P. Burcham, Burcham & Zugman, San Diego, California, for Defendant-Appellant.

Vincente A. Tennerelli, Assistant United States Attorney; Camil A. Skipper, Appellate Chief; McGregor Scott, United States Attorney; United States Attorney's Office, Fresno, California; for Plaintiff-Appellee.

**OPINION**

MORRIS, District Judge:

Defendant-Appellant, Larry Ochoa, appeals the district court's finding that Ochoa "frequented" a prohibited place in violation of his supervised release special condition number nine. Ochoa also challenges the constitutionality of special condition nine on over-breadth and vagueness grounds. We possess jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## I. Facts and Procedural History

Ochoa pled guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Ochoa to seventy-eight months in prison and 120 months of supervised release. The district court revoked Ochoa's supervised release and sentenced him to time served and 119 months of supervised release. The district court imposed fourteen special conditions.

Special condition nine restricts Ochoa's access to "any material depicting and/or describing sexually explicit conduct involving adults, defined as sexually stimulating

depictions of adult sexual conduct that are deemed inappropriate by the defendant's probation officer." Special condition nine clarifies that "sexually stimulating depictions" include "computer images, pictures, photographs, books, writings, drawings, videos, or video games depicting such conduct." Special condition nine provides further that Ochoa "shall not frequent any place whose primary purpose is to sell, rent, show, display, or give other forms of access to, material depicting and/or describing sexually explicit conduct."

The district court revoked Ochoa's supervised release a second time based on Ochoa's admission to a polygraph examiner that he had watched a pornographic movie at Suzie's Adult Superstores ("Suzie's") in Fresno, California. The revocation petition alleged that Ochoa had violated special condition nine by "enter[ing] an adult themed business in Fresno, California, where he paid to view an adult pornographic movie." The district court rejected Ochoa's contention that special condition nine proved unconstitutionally vague, over-broad, and unreasonably restricted his First Amendment rights. The district court also rejected Ochoa's argument that special condition nine improperly delegated to his probation officer the authority to determine what proved inappropriate or sexually explicit.

A superseding petition to revoke Ochoa's supervised release alleged that Ochoa had violated both special condition nine's prohibition on "viewing" explicit content and "frequenting" a "place whose primary purpose" is to provide access to "material depicting and/or describing sexually explicit conduct." The district court found that the government had failed to establish the first allegation of having viewed pornography. The district court found that the government had proven the second allegation that Ochoa

had frequented a "place whose primary purpose" is to provide access to "material depicting and/or describing sexually explicit conduct." The district court sentenced Ochoa to seven months' custody followed by 110 months of supervised release.

## II. Analysis

Ochoa raises two challenges. Ochoa argues first that the district court erred in finding that he "frequented" Suzie's when Ochoa had visited Suzie's only once. Ochoa also challenges the constitutionality of special condition nine on the basis that it proves unconstitutionally over-broad and vague. We review *de novo* whether a supervised release condition violates the Constitution or exceeds the permissible statutory penalty. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

### A. The District Court Erred in Finding that Ochoa Frequented a Prohibited Place

A sufficiency of evidence challenge requires us to ask whether "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (quoting *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007)). The Government argues that Ochoa's probation officer met with Ochoa twice to review his supervised release conditions and that Ochoa indicated that he understood each condition. Ochoa also possessed his probation officer's cell phone number and understood that he could contact his probation officer "any time he was considering engaging in conduct that *might* violate" the terms of his supervised release.

We look to the dictionary definition to define a term within a condition of supervised release.  *King*, 608 F.3d at 1128.  The dictionary defines the term "frequent" as "to visit often," "go to often," "be in often," "to be a regular customer of," and "to associate with, be in or resort to often or habitually."  *See United States v. Philips*, 704 F.3d 754 (2012).  The district court found that Ochoa had visited Suzie's only once.  The definition of the word "frequent" leads us to determine that Ochoa did not in fact "frequent," "visit often," or "go to [Suzie's] often."   Although the Government argues that Ochoa's probation officer possessed the authority to further define special condition nine, there remains no evidence in the record indicating that Ochoa's probation officer explained that "frequent" meant anything other than the dictionary definition.  We reverse the district court's finding that Ochoa violated special condition nine's prohibition that he not "frequent" a place, such as Suzie's, that offers material depicting and/or describing sexually explicit conduct.

### B. The District Court Did Not Err by Concluding that Special Condition Nine Not Is Not Unconstitutionally Vague or Over-Broad.

Ochoa argues that special condition nine is unconstitutionally vague.  A condition of supervised release violates due process if it uses terms so vague that it "fail[s] to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated."  *United States v. Rearden*, 349 F.3d 608, 614 (9th Cir. 2003).  Ochoa contends that the language of special condition nine fails to provide adequate notice of what conduct the condition precludes. The district court could not remedy the inherent vagueness, according to Ochoa, by delegating discretion to the probation officer's own subjective standards.  In rejecting

Ochoa's vagueness argument, the district court relied on the analysis in *United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015).

Gnirke had been convicted for hands-on abuse of his girlfriend's son. *Id.* at 1158. Gnirke's discharge evaluation recommended that he should not "view or possess anything sexually explicit or suggestive, including books, videos, [and] magazine cut-outs . . ." *Id.* The district court consequently imposed a condition that required that Gnirke "not possess any materials . . . that depicts 'sexually explicit conduct' involving children and/or adults, as defined by 18 [U.S.C.] § 2256(2) . . ." *Id.* at 1159.

The *Gnirke* panel determined that Gnirke's special condition deprived him of more liberty than reasonably proved necessary, because the condition restricted "Gnirke's access to depictions of adult sexual conduct using a statutory definition of 'sexually explicit conduct' that Congress has applied only to depictions of children[,]" which encompassed "much more than what is commonly understood as pornography in the context of adult sexual activity." *Gnirke*, 775 F.3d at 1161. The panel declined to remand. The panel instead deemed it "appropriate to provide the district court with a workable alternative rather than [a] directive to 'try again.'" *Id.* at 1166 (internal quotations in original). As to Gnirke's access to materials depicting *adult* sexual activity, the panel construed the condition to apply "to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer." *Id.* The panel further recognized that inevitably, the probation officer "will have some degree of discretion to decide which materials the condition restricts[,]" *id.* (citing *United States*

*v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir. 1998)), but any issue arising from the exercise of discretion by a probation officer would be subject to judicial review. *Gnirke*, 775 F.3d at 1167.

Ochoa argues that the addition of the term "descriptions" in special condition nine results in confusion because this condition fails to place Ochoa on "clear notice of what conduct will (and will not) constitute a supervised release violation." *United States v. Chapel*, 428 F.2d 472, 473–74 (9th Cir. 1970). We conclude that the district court did not err by imposing special condition nine, because the condition is not meaningfully distinguishable from the one we approved in *Gnirke*. In particular, special condition nine defines "depicting and/or describing sexually explicit conduct involving adults" in a nearly identical manner to *Gnirke*'s definition of "depictions of sexually explicit conduct involving adults." *See Gnirke*, 775 F.3d at 1166. Special condition nine is therefore not unconstitutionally vague. Relatedly, Ochoa argues that special condition nine's alleged vagueness problem cannot be solved by delegating interpretive authority to a probation officer. It bears noting that *Gnirke* did not approve delegating to a probation officer the ability to craft special conditions of supervised release, nor did it allow a probation officer to cure an unconstitutionally vague special condition. *Id.* at 1166–67; *see United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018). Rather, *Gnirke* recognized that probation officers *interpret* special conditions, and that where a special condition deals with difficult-to-define terms, it is inevitable that a probation officer will make certain judgment calls about how to interpret the special condition. *Gnirke*, 775 F.3d at 1166. In this way, a probation officer's judgment proves relevant to Ochoa's understanding of, and

the application of, special condition nine. *See id.* at 1163; *see also Bee*, 162 F.3d at 1236.

Ochoa also argues that special condition nine is overbroad, and that by restricting access to "material depicting *and/or describing* sexually explicit conduct involving adults," the district court deprived Ochoa of more liberty than reasonably necessary. He argues that descriptions of sexually explicit conduct involving adults encompass popular modern literature. We are mindful that special condition nine prevents Ochoa from frequenting a "place whose primary purpose" is to provide access to sexually explicit materials, and that the "primary purpose" language significantly curtails the condition's reach. As to the condition's restriction on Ochoa's ability to possess, own, use, view, or read these materials, district courts may impose "conditions of supervised release if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (internal quotation marks omitted). These conditions must be "tailored to the defendant's offense, personal history and characteristics." *United States v. Wagner*, 872 F.3d 535, 542 (7th Cir. 2017). Ochoa admitted to possessing more than 600 images of child pornography. We conclude that special condition nine is not overbroad given these circumstances, because the condition appropriately restricts his access to materials depicting or describing sexually explicit conduct involving adults. In other words, the condition properly abridges Ochoa's right to free speech "to effectively address [his] sexual deviance problem." *Rearden*, 349 F.3d at 619. The district court did not err by limiting Ochoa's access to the materials as defined in special condition nine.

## III.    Conclusion

The judgment of the district court is **REVERSED, IN PART**, and **AFFIRMED, IN PART**, and remanded for further proceedings consistent with this opinion.