**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50179 |
| Plaintiff-Appellee, | D.C. No.<br>5:14-cr-00125-VAP-1 |
| v. | |
| MATTHEW JOSEPH BROWN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted September 2, 2020[**]
Pasadena, California

Before: IKUTA and BENNETT, Circuit Judges, and WOODLOCK,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Douglas P. Woodlock, United States District Judge for
the District of Massachusetts, sitting by designation.

Matthew Brown appeals the district court's order modifying his conditions of supervised release. We have jurisdiction under 18 U.S.C. § 3742(a). We affirm the district court's order in part and dismiss Brown's appeal in part.[1]

The district court did not abuse its discretion by imposing a GPS-monitoring condition. The district court considered the required statutory factors, including Brown's criminal history, the need for deterrence, and the need to protect the public, *see* 18 U.S.C. § 3583(e); *United States v. Bainbridge*, 746 F.3d 943, 952–53 (9th Cir. 2014), and was not required to consider whether the GPS condition advanced other conditions of supervised release.[2] Nor does the GPS-monitoring condition impose a greater restriction on liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(2). The district court's determination that tracking Brown's location is necessary to deter Brown from abusing children and to ensure that he is complying with the conditions of his supervised release, was reasonable given evidence in the record of Brown's use of an unauthorized phone

---

[1] The government's unopposed motion to supplement the record or, in the alternative, take judicial notice, Dkt. No. 22, is **GRANTED**. *See* Fed. R. App. P. 10(e)(2); Fed. R. Evid. 201(b).

[2] We decline to remand for an evidentiary hearing regarding the accuracy of GPS devices. Brown did not request an evidentiary hearing, and because the district court committed no error that was "clear" or "obvious" in declining to conduct a sua sponte inquiry into the accuracy of GPS devices, the court did not plainly err. *United States v. Olano*, 507 U.S. 725, 734 (1993) (citation omitted).

to make plans to meet with a suspected minor while at a Residential Reentry Center (RRC), his violation of a travel restriction while at the RRC, and the fact that one of his victims would regularly visit the residence where he would be living. Because the GPS-monitoring condition is subject to annual review, the district court can terminate the condition if it finds that the condition is not reasonably necessary. We also reject Brown's argument that the GPS condition implicates a "particularly significant liberty interest" because it is not analogous to the narrow categories of restrictive conditions that we have previously identified. *See United States v. Stoterau*, 524 F.3d 988, 1005–06 (9th Cir. 2008).

We also dismiss Brown's challenge to the condition of supervised release requiring that tracking software and hardware be installed on Brown's computer-related devices. Brown's appellate waiver in his plea agreement encompassed his right to appeal this condition, *see United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004), because the plea agreement required installing device-monitoring

3

hardware and software on his computer-related devices,[3] *see United States v. Quinzon*, 643 F.3d 1266, 1272 (9th Cir. 2011).  This requirement is not unconstitutionally vague because it gives "a person of ordinary intelligence fair notice" of what constitutes a violation.  *United States v. Ochoa*, 932 F.3d 866, 869 (9th Cir. 2019) (citation omitted); *see* 18 U.S.C. §§ 3583(d)(2), (e)(2).  Therefore, Brown's appellate waiver applies.

**AFFIRMED IN PART; DISMISSED IN PART.**

---

[3] Brown's plea agreement waived the right to appeal conditions listed in paragraph 2, which referenced conditions listed in Attachment A of the agreement, including the condition that Brown "comply with the rules and regulations of the Computer Monitoring Program [(CMP)]" and "pay the cost of the [CMP], in an amount not to exceed $32 per month per device connected to the internet." Compliance with the CMP entails installing "computer monitoring software" and making "any necessary modifications to [Brown's] computer system to make it compatible with the software."