NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>RANBIR SINGH,<br><br>  Defendant-Appellant. | No.   22-10331<br><br>D.C. No.<br>4:21-cr-00123-HSG-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted June 5, 2024[**]
San Francisco, California

Before:  S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,[***]
District Judge.
Dissent by Judge BUMATAY

---

  [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Defendant-Appellant Ranbir Singh appeals the district court's sentence following his guilty plea for one count of production of child pornography under 18 U.S.C. § 2251(a). Because the parties are familiar with the facts and record, we need not recount them here.

Although Singh's notice of appeal is three days late, we decline to dismiss his appeal as untimely. Singh has filed a motion to take judicial notice of his previous counsel's motion to show cause, which demonstrates good cause for the minor delay. While the motion indicates that the government opposes it, the government has not filed any formal opposition. We grant Singh's motion. *See DeFiore v. SOC LLC*, 85 F.4th 546, 559 n.10 (9th Cir. 2023) ("We can take judicial notice of that declaration as a court filing in related litigation."). In light of Singh's previous attorney's failure to act upon his desire to appeal, there is good cause for the district court to have granted an extension for him to file his pro se notice three days late. We therefore reach the merits of Singh's appeal.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the district judge's sentencing procedure for plain error because Singh failed to object to the procedure at the sentencing hearing. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010) (citing *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006)). We review the conditions of supervised release to which Singh objected for abuse of discretion, *United States v.*

2

*Gibson*, 998 F.3d 415, 418 (9th Cir. 2021), and those to which he failed to object for plain error, *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022). Finally, we review the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017). We affirm.

1. Under the two-step review of an imposition of a term of imprisonment, this Court first considers procedural reasonableness and then considers substantive reasonableness. *United States v. Stoterau*, 524 F.3d 988, 998 (9th Cir. 2008). The district court did not procedurally err because it specifically noted the defense's request for a variance multiple times, and it explained its reasoning for why the computer-use enhancement should apply and why it imposed the sentence that it did. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) ("A within-Guidelines sentence ordinarily needs little explanation . . . ."). Neither did the district court substantively err because the computer-use enhancement applied on its face, and the district court's decision to deny the request for a downward departure was supported by the record, which demonstrated that Singh used a fake Facebook account to contact and message Minor 1.

2. None of Singh's challenges to the special conditions of supervised release have merit. "Published decisions in our circuit have upheld conditions barring all Internet use only when the offenses at issue involved child pornography

or sexual abuse of minors." *United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016) (citing *United States v. Barsumyan*, 517 F.3d 1154, 1161 n.11 (9th Cir. 2008)); *see also United States v. Sales*, 476 F.3d 732, 736 n.2 (9th Cir. 2007)). Given Singh's use of the internet to reach out to and groom Minor 1, the conditions limiting his use of computers and the internet were "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary.'" *United States v. Ochoa*, 932 F.3d 866, 870 (9th Cir. 2019) (quoting *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008)). Likewise, the district court did not abuse its discretion in prohibiting Singh from having contact with minors based on its finding that such a restriction was necessary to ensure public safety and to rehabilitate the defendant given his history of sexual intercourse with minors. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). And because Singh failed to identify any affected relations that are sufficiently "intimate" to require an individualized review, the challenged condition is not substantively unreasonable or overbroad. *See United States v. Magdaleno*, 43 F.4th 1215, 1222 (9th Cir. 2022).

3. Singh's vagueness and overbreadth challenges also fail. Singh's argument that the district court erred in requiring him to notify third parties of a risk he posed is foreclosed by *United States v. Gibson*, 998 F.3d 415 (9th Cir. 2021). The *Gibson* panel squarely held that "there is nothing unconstitutionally vague about" a

4

condition nearly identical to the one Singh challenges because it accords only limited discretion to the probation officer. *Id.* at 423. *Gibson* also undermines Singh's challenge to the requirement for testing or treatment of alcohol abuse because that condition also accords limited discretion to the probation officer. *Id.* Similarly, Singh's arguments that the condition prohibiting his access to pornography is either unconstitutionally vague or overbroad are foreclosed by *United States v. Gnirke*, 775 F.3d 1155, 1167 (9th Cir. 2015) ("[A]t a minimum, pornography is explicit material intended to stimulate, arouse, or the like.") and *United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003) (holding that condition substantially identical to the one Singh challenges was not overbroad).

**AFFIRMED.**

BUMATAY, Circuit Judge, dissenting:

Rather than reach the merits of this appeal, I would dismiss. In criminal cases, the notice of appeal must be filed in the district court within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A), (4). This is an "inflexible claim processing rule." *United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007). When "the government properly objects to an untimely filing, we must dismiss the appeal." *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015).

Singh missed two deadlines here. First, Singh filed an untimely pro se notice of appeal on December 12, 2022, after the district court issued the original judgment

5

on January 10, 2022. So he was almost 11 months late on that one if that were the operative judgment. But he got another chance. The district court issued an amended judgment on January 3, 2023. But still Singh was late, filing it three days too late on January 20, 2023.

And Singh never asked the district court for an extension of time to file his appeal even though there was time to do so. *See* Fed. R. App. P. 4(b)(4). There's also no reason to deem his filings as a motion to extend when he failed to even raise the argument in his opening brief—depriving the government of an opportunity to respond. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017) (declining to remand to determine if there was excusable neglect for the untimely notice of appeal when appellant failed to raise any arguments in his opening brief).

I thus would dismiss rather than affirm here.