NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10313 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00108-ADA-BAM-1 |
| v. | |
| JOHN ALLEN PERRY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted June 5, 2024**
San Francisco, California

Before: S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,***
District Judge.

Defendant-Appellant John Allen Perry pled guilty to one count of receipt of

child pornography under 18 U.S.C. §§ 2252(a)(2), (b)(1). Through his plea

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

agreement, he waived his right to appeal. At sentencing, however, the district court instructed him that he had a right to appeal. He now challenges four of the special conditions of supervised release that were imposed at sentencing, as well as his lifetime term of supervised release, under the theory that the district court's statement at sentencing vitiated his appeal waiver.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the district judge's sentencing procedure for plain error because Perry failed to object to the procedure at the sentencing hearing. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010) (citing *United States v. Sylvester Norman Knows His Gun, III,* 438 F.3d 913, 918 (9th Cir. 2006). We review the conditions of supervised release for plain error because Perry's trial counsel failed to object to the conditions. *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022).

1.      Although waivers are generally enforceable, an appeal waiver does not apply if the sentencing judge unequivocally advises a defendant that he has a right to appeal. *Nishida*, 53 F.4th at 1149. Here, the district court told Perry that "[a]lthough your plea agreement contains a provision pertaining to a waiver of your appeal rights, I do want you to understand that you are hereby advised that you have the right to appeal." The district court's statement, to which the government failed to object, gave Perry a reasonable expectation that he retained his right to appeal because it was unequivocal and did not use conditional language. *United States v.*

*Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995) (finding defendant "could have a reasonable expectation that he could appeal his sentence" when the sentencing judge stated "you have the right to appeal findings which I make today regarding sentencing").

2.      The district court sentenced Perry to a lifetime term of supervised release, which was within the guidelines range.  "A within-Guidelines sentence ordinarily needs little explanation . . . ." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).  "Adequate explanation not only derives from the judge's pronouncement of the sentence, but 'may also be inferred from the PSR [presentence investigation report] or the record as a whole.'" *Blinkinsop*, 606 F.3d at 1114 (alteration in original) (quoting *Carty*, 520 F.3d at 992)).  The district court stated the aggravating and mitigating factors it considered, and the PSR further detailed reasons for imposing a lifetime term.  Because the record supported a lifetime term of supervised release, the district court did not plainly err.

3.      The special conditions the district court imposed were not unconstitutionally vague.  The district court prohibited Perry from possessing or using any device with access to any "on-line computer service" without the approval of the probation officer.  It also required that Perry consent to periodic unannounced searches and the installation of monitoring software on those devices.  This Court has upheld complete bans on Internet use in cases involving child pornography.  *See*

*United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003); *see also United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005). Given Perry's criminal history of possessing and downloading child pornography from the internet onto his devices, the conditions imposed were "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve[d] no greater deprivation of liberty than is reasonably necessary.'" *United States v. Ochoa*, 932 F.3d 866, 870 (9th Cir. 2019) (quoting *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008)). While the conditions may burden Perry, whether a computer or device can connect to an on-line computer service is not an unconstitutionally vague condition. *Cf. United States v. Wells*, 29 F.4th 580, 589 (noting that a "condition that bars the use of any device that uses electricity . . . is not 'unconstitutionally vague'"). Likewise, as Perry himself concedes, the condition prohibiting Perry from viewing "material depicting and/or describing sexually explicit conduct" has previously been upheld by this Court. *See Ochoa*, 932 F.3d at 870–71. Accordingly, the district court did not err in imposing any of the conditions challenged by Perry.

      **AFFIRMED.**