NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAITH ABUZAID,

Defendant - Appellant.

No. 24-230

D.C. No.
2:15-cr-00702-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 12, 2024[**]
Pasadena, California

Before: EBEL[***], BADE, and FORREST, Circuit Judges.

Defendant-Appellant Laith Abuzaid appeals the district court's denial of his

motion to modify the conditions of his supervised release.  After Abuzaid's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David M. Ebel, United States Senior Circuit Judge for
the Court of Appeals, 10th Circuit, sitting by designation.

conviction for possession of child pornography, the district court imposed a prison sentence and a life term of supervised release. Under one condition of supervised release—Condition Thirteen—Abuzaid may not "frequent, or loiter, within 100 feet of . . . places primarily used by persons under the age of 18." The district court concluded that this provision prevents Abuzaid from working at the store of a business that he co-owns because the store is within 100 feet of places primarily visited by minors. It also declined to remove or modify the condition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We reject Abuzaid's argument that the plain meaning of Condition Thirteen allows him to work at the store. Even interpreting Condition Thirteen de novo, it plainly prohibits Abuzaid from working at a store that is within 100 feet of "places primarily used by persons under the age of 18."

Abuzaid argues that the district court's interpretation of Condition Thirteen is "grammatically nonsensical" because it reads the phrase "within 100 feet of" to modify "frequent," and that "[n]obody speaking in plain language" would use the phrase "frequent within 100 feet of." According to Abuzaid, "[t]he problem stems from two misplaced commas" in the phrase "frequent, or loiter, within 100 feet of." But "'[w]e review the language of the condition as it is written and cannot assume' . . . that it will be interpreted contrary to its plain language." *United States v. Cope*, 527 F.3d 944, 958 (9th Cir. 2008) (quoting *United States v. Sales*, 476

F.3d 732, 737 (9th Cir. 2007)). Therefore, we will not read the commas out of Condition Thirteen, and we agree with the district court that "within 100 feet of" modifies "frequent" under a plain reading of the condition.

We also reject Abuzaid's assertion that a person can only frequent a place, but not an area near a place. "We look to the dictionary definition to define a term within a condition of supervised release," and "frequent" is defined as "to visit often, go to often, be in often, to be a regular customer of, and to associate with, be in or resort to often or habitually." *United States v. Ochoa*, 932 F.3d 866, 869 (9th Cir. 2019) (internal quotation marks omitted). Thus, Condition Thirteen prohibits Abuzaid from regularly going to, being in, or visiting areas "within 100 feet of . . . places primarily used by persons under the age of 18." *See id.* Because his store is undisputedly within 100 feet of places primarily used by minors, and Abuzaid would frequent it by working there, Condition 13 bars him from working at the store.

2.    We also conclude that the district court did not abuse its discretion by declining to modify Condition Thirteen. *See United States v. Bainbridge*, 746 F.3d 943, 946 (9th Cir. 2014) (explaining that the imposition of a supervised release condition is reviewed for abuse of discretion). "Our review is limited to whether the condition was procedurally and substantively reasonable," *United States v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015), and we afford "considerable

deference to a district court's determination of the appropriate supervised release conditions," *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (quoting *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006)).

The district court was required to consider, among other factors, Abuzaid's offense, his history and characteristics, and the goals of deterrence, rehabilitation, and protection of the public. 18 U.S.C. §§ 3583(d)–(e), 3553(a). It was also required to consider whether Condition Thirteen "involves no greater deprivation of liberty than is reasonably necessary" to advance those goals. *Id.* § 3583(d)(2); *see also United States v. Hohag*, 893 F.3d 1190, 1192 (9th Cir. 2018).

The district court considered the relevant factors, weighing the need for deterrence, protection of the public, and rehabilitation with Abuzaid's history, his behavior while on supervised release, and his risk of reoffending. We cannot say that the district court misapplied any legal standard or that its conclusions were "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Grant*, 727 F.3d 928, 933 (9th Cir. 2013) (quoting *United States v. Maier*, 646 F.3d 1148, 1156 (9th Cir. 2011)).

3. For the same reason, we deny Abuzaid's request to reassign this case to a different district court judge. *See Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (declining to reassign a case because there was no evidence that the district judge "was unfair").

**AFFIRMED.**