NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ROBERT SIMS,

Defendant - Appellant.

No. 24-7591

D.C. No.
2:18-cr-00262-JLR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 4, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

James Robert Sims appeals the district court's order revoking his supervised release and imposing a sentence of three months' imprisonment followed by seven years of supervised release. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sims contends that the district court erred in finding he violated two special conditions of supervised release prohibiting him from possessing or perusing sexually explicit material. He argues that the conditions, as applied, violate the First Amendment and conflict with *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015).

We review de novo the constitutionality of supervised-release conditions and review the revocation of supervised release for abuse of discretion. *United States v. Ochoa*, 932 F.3d 866, 868 (9th Cir. 2019); *United States v. Green*, 12 F.4th 970, 973 (9th Cir. 2021).

The First Amendment permits reasonable limitations on speech as conditions of supervised release when those conditions are tailored to promote rehabilitation and protect the public. *See United States v. Rearden*, 349 F.3d 608, 619–21 (9th Cir. 2003); *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005). Such conditions are constitutional so long as they do not restrict more liberty than reasonably necessary. *Gnirke*, 775 F.3d at 1161–63.

Contrary to Sims's argument, *Gnirke* does not prohibit the special conditions at issue here. It expressly permits restrictions on "sexually stimulating depictions of adult sexual conduct" that are "deemed inappropriate" by the probation officer, even where the content is not strictly pornographic. *Id*. at 1166.

The district court did not abuse its discretion in concluding that Sims violated

the conditions of his supervised release. The record reflects that Sims intentionally and repeatedly accessed sexually explicit content on YouTube, including videos with graphic sexual narratives and viewed at least one pornographic thumbnail image. His exposure was not fleeting or inadvertent. Rather, the district court reasonably found that Sims engaged in a sustained pattern of suggestive searches and continued viewing behavior, which predictably influenced the content served by YouTube's algorithm. This conduct supports the conclusion that Sims acted knowingly and intentionally. *Green*, 12 F.4th at 973.

We also reject Sims's argument that viewing a thumbnail cannot constitute "perusing" prohibited material. Sims failed to object to the meaning of "peruse" below and offers no persuasive reason to adopt a narrower interpretation on appeal. He has not shown plain error. *See United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017).

Because the challenged conditions are constitutional as applied and the record supports the district court's findings, we affirm.

**AFFIRMED.**