NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISSAC SYMEON BRAGG, AKA Isaac
Symeon Bragg, AKA Tony Jones, AKA
blackmagicmoney70,

Defendant - Appellant.

No. 24-5265

D.C. No.
3:12-cr-03617-CAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 11, 2026
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge TUNG.

Issac Bragg appeals the district court's imposition of three supervised

release conditions following the revocation of his then-current term of supervised

release. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The condition forbidding him from "knowingly . . . loiter[ing] in areas frequented by those engaged in prostitution" is not unconstitutionally vague. A reasonable person would understand the condition as prohibiting Bragg from knowingly "remain[ing] in an area for no obvious reason" or "delay[ing his] activity [in that area] with idle stops and pauses" if he knows that people currently engaged in prostitution[1] are in that area "often or habitually." *Loiter*, Merriam-Webster.com (Mar. 3, 2026), https://www.merriam-webster.com/dictionary/loiter; *United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012) (defining "frequenting"). While there may be situations where it is difficult to tell if Bragg is in a forbidden area, the same is true of deciding what constitutes a forbidden "place." In *Phillips*, that difficulty did not make a similar condition[2] unconstitutionally vague, and it does not do so here.

If Bragg wishes to loiter in an area that may be forbidden, he may consult with his probation officer in advance to determine if it is: "where a special condition deals with difficult-to-define terms, it is inevitable that a probation officer will make certain judgment calls about how to interpret the special

---

[1] This would include soliciting or negotiating an act of prostitution, not simply the act itself.

[2] The condition in *Phillips* prohibited "frequent[ing] places where controlled substances are illegally sold, used, distributed, or administered." Here, in response to the defense's objection to the loitering prohibition, the district court imposed a scienter requirement of "knowingly" loitering in the prohibited area. That satisfactorily addressed the defense's concern.

condition." *United States v. Ochoa*, 932 F.3d 866, 870 (9th Cir. 2019). That the condition may require some discretion by the probation officer or district court does not render it unconstitutionally vague. *See United States v. Gnirke*, 775 F.3d 1155, 1166–67 (9th Cir. 2015).

2. The district court did not abuse its discretion in imposing location monitoring while Bragg was homeless. There is record evidence that Bragg is likely to commit crimes while homeless—he was homeless when he committed the pandering offense underlying his revocation. Furthermore, monitoring his location while he lacks a stable residence could assist U.S. Probation in ensuring his compliance with several conditions: the prohibition on loitering, the requirement to comply with the Sex Offender Registration and Notification Act, the prohibition on leaving the judicial district, and the prohibition on residing at unapproved locations, among others. The district court could also have reasonably determined that it is easier to monitor a supervisee's compliance when the supervisee has a stable residence for the probation officer to visit and inspect.

3. The district court did not err by imposing a sex offender treatment condition. The challenged condition requires Bragg to

> [c]omplete a sex offender evaluation . . . at the direction of the court or probation officer. If deemed necessary by the treatment provider, [Bragg] shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program.

Bragg has a history of repeated involvement in or association with sex offenses (namely, pimping and prostitution) predating his underlying federal conviction for sex trafficking a minor. Within months of his release from prison, he had unauthorized contact with a 13-year-old girl and had materials related to pimping and promoting prostitution in his car when he was arrested for this incident. Around this same time, he was uncooperative during a sex offender evaluation despite having consented to participate in sex offender treatment.

Three months after he received a time-served sentence for his unauthorized contact with a minor, he pandered the still-pregnant mother of his unborn child for prostitution. When this incident occurred, he apparently was attending sex offender treatment.

The district court was entitled to consider this history, including conduct described in violation reports, when fashioning Bragg's supervised release conditions. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) (noting that courts may consider "hearsay evidence of unproved criminal activity" in sentencing). Based on this history, the district court reasonably could conclude that Bragg would benefit from sex offender treatment.

4.     The sex offender treatment condition does not unconstitutionally delegate authority to the treatment provider. We have long recognized that district courts may order a defendant to participate in treatment and delegate authority to

the treatment provider "to design the course of treatment . . . to ensure that the treatment is effective." *United States v. Stephens*, 424 F.3d 876, 883 (9th Cir. 2005). Here, the district court ordered that Bragg "shall" participate in and complete a sex offender treatment program, but required an evaluation so the provider could select the appropriate course of treatment based on his needs identified after completing it. That is consistent with what we approved in *Stephens*, as the district court "specifie[d] that [Bragg] shall participate in a . . . treatment program" and delegated to the provider the choice of what program is appropriate for his needs. *Id.* The court set the condition precedent and how treatment will follow if the evaluator determines that treatment is medically necessary. That satisfies our precedent. *See id.* at 883–84; *United States v. Fellows*, 157 F.3d 1197, 1203–04 (9th Cir. 1998). The fact that an evaluation may indicate that no program is necessary does not render this condition unconstitutional.[3]

---

[3] The dissent reads the record differently than we do. Here, the district court was faced with a recidivist pimp who was not deterred by prior sanctions and clearly was not performing well under his previously imposed conditions from his earlier federal conviction and first revocation of supervised release. The district court reasonably believed sex offender treatment was warranted and ordered Bragg to complete it if an evaluation showed it would help him overcome his judgment errors and conform with the court's expectations. The practical result of the dissent's proposed process would be to further delay sentencing pending an evaluation, which we know from experience can take months based on the paucity of providers and high demand for their services. The effect of the process that occurred here is that the district court ordered Bragg to complete treatment, but

5.    We find no merit in the other contentions raised in Bragg's briefs.

**AFFIRMED.**

---

allowed for an off ramp without future proceedings in the unlikely event that a provider concluded that treatment would not be beneficial.

24-5265

*United State v. Bragg*, Case No. 24-5265

TUNG, Circuit Judge, concurring in part and dissenting in part:

In all respects but one, I concur in the panel majority's opinion. The panel majority sees no constitutional problem with a federal judge *delegating* to someone else the power to decide whether a criminal defendant should, as part of his sentence, participate in a "sex offender treatment program." I see it differently.

Article III of our Constitution vests the "judicial power" in the federal courts. The imposition of a criminal sentence is a quintessential exercise of that power. "Indisputably under our constitutional system the right to try offenses against the criminal laws, and, upon conviction, *to impose the punishment* provided by law, is *judicial*[.]" *Ex parte U.S.*, 242 U.S. 27, 41 (1916) (emphasis added). The imposition of conditions of supervised release is also an exercise of the judicial power, because conditions of supervised release are "part of a defendant's sentence." *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). Sentencing a person to undergo "sex offender treatment" deprives a person of his liberty and is a judicial function.

Thus, only a judge can impose such a sentence. Of course, the judge can entertain testimony from experts in deciding whether to impose sex offender treatment. The judge can also let the probation office decide the details of where and when the treatment is to occur. But the judge cannot delegate to a "treatment

1

provider" (whomever that might be) the task of determining *whether* such treatment is required in the first place as part of a defendant's sentence. That is a judge's job.

Our cases make this plain. "The law has, by and large, developed along the principle that, where the court makes the determination of *whether* a defendant must abide by a condition, and *how* . . . a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." *United States v. Stephens*, 424 F.3d 876, 880 & n.2 (9th Cir. 2005) (emphasis in original) (citing cases). "The *most important limitation* is that a probation officer [or a treatment provider] may not decide the *nature* or *extent* of the punishment imposed upon a probationer." *Id.* at 881 (emphasis added); *see also United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (vacating a condition where "the decision whether Defendant would receive inpatient or outpatient treatment is left to the discretion of the probation officer"); *United States v. Nishida*, 53 F.4th 1144, 1152 (9th Cir. 2022) (vacating a condition where "the probation officer (in consultation with the treatment provider) [was given the] discretion to require inpatient or outpatient treatment"); *cf. United States v. Kent*, 209 F.3d 1073, 1075, 1079 (8th Cir. 2000) (vacating as "inconsistent with Article III" a condition that gave the probation officer discretion to order counseling if in the officer's determination "it becomes necessary").

2

The district court crossed that limitation here. By delegating to a "treatment provider" the decision to impose sex-offender treatment, the district court left it up to a third-party individual or entity to "decide the nature or extent" of Isaac Bragg's punishment. The challenged Special Condition reads as follows:

> Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program.

*See* ER-10 (Special Condition No. 14). The phrase that effects the improper delegation is this: "***If deemed necessary by the treatment provider***, [Bragg] shall participate [in] and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program." *Id.* (emphasis added). This is not a case where the court has already ordered the defendant to undergo a sex-offender treatment program and the probation officer is merely "implement[ing] the particularities" of the program. *See, e.g.*, *United States v. Fellows*, 157 F.3d 1197, 1204 (9th Cir. 1998); *Stephens*, 424 F.3d at 883; *see also* Op. 5–6. Here, the provider gets to determine *whether* to impose sex-offender treatment on Bragg; the judge does not. That is improper.

The panel majority's attempt to overcome this conclusion is not convincing. The panel majority states that "the district court ordered that Bragg 'shall' participate in and complete a sex offender treatment program, but required an evaluation so the

3

provider could select the appropriate course of treatment based on his needs identified after completing it." Op. 5. But that rephrasing of the plain terms of the condition obfuscates the delegation here. The district court did *not* order that Bragg "shall" complete sex-offender treatment. Rather, the district court ordered that Bragg complete an "evaluation," but separately required completion of sex-offender treatment only "[i]f deemed necessary" by a treatment provider. The "if" clause—which the panel majority overlooks in its analysis—makes all the difference constitutionally. The clause is conditional, meaning that the deprivation of liberty in requiring sex-offender treatment is effected only *if* a treatment provider (but not a judge) says so. *See* The American Heritage College Dictionary 675 (3d ed. 2000) ("If" means "[i]n the event that"); Oxford Dictionary of English 870 (3d ed. 2010) ("If" introduces "a conditional clause"); Collins English Dictionary 968 (12th ed. 2014) ("If" means "in case that, or on condition that").[1]

That makes it an unlawful delegation. However technical my disagreement with the panel majority may be, I think it important to recognize and respect the line

---

[1] Once again, the panel majority erroneously claims that, effectively, "the district court ordered Bragg to complete treatment, but allowed for an off ramp without future proceedings in the unlikely event that a provider concluded that treatment would not be beneficial." Op. 6 n.3. In reality, the district court did *not* order treatment, but allowed an *on ramp* for a provider to impose punishment without future proceedings. That is not allowed.

4

between proper and improper delegations, as not only is the liberty of a person at stake, the scope of our judicial authority is too. Thus, with regard to the portion of the panel majority's opinion that validates the delegation, I respectfully dissent.